UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SARAH SEBREN,

    Plaintiff,

v.                                                    C.A. No. _____

CASBY HARRISON, III,

    Defendant.

## COMPLAINT

### Parties

1. Sarah Sebren ("Sebren") is a citizen of Massachusetts.

2. Casby Harrison, III ("Harrison") is citizen of Rhode Island. He is a practicing attorney and a member of the Rhode Island and Massachusetts bars.

### Jurisdiction and Venue

3. This Court has original subject-matter jurisdiction under 28 U.S.C. § 1331 over Count I of this Complaint because it arises under the laws of the United States (*i.e.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.).

4. This Court has supplemental subject-matter jurisdiction under 28 U.S.C. § 1367(a) over Counts II and III of this Complaint because they are so related to Count I that they form part of the same case or controversy under Article III of the United States Constitution.

5. This Court has diversity subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) over Count IV of this Complaint because the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and it is a dispute between citizens of different states.

6. This Court has personal jurisdiction over Harrison, and it is the appropriate venue for this dispute under 28 U.S.C. § 1391(b)(1), because Harrison resides in the District of Rhode Island.

### Facts

*Harrison's Wage-and-Hour Violations*

7. From July 2008 through March 6, 2018, Sebren worked under Harrison's direction and control in support of his law practice in Providence. She worked out of his office, he provided her with office supplies, and he held her out to the public, his employees, his clients, and members of the bar and the judiciary as his employee.

8. The majority of the work that Sebren performed for Harrison was that of an administrative assistant or paralegal. Among other things, she helped with bookkeeping, answering the phones, maintaining Harrison's information technology, updating Harrison's website, photocopying, and filing.

9. Harrison never paid Sebren as an employee. Instead, he paid her as an independent contractor. He paid her by the hour, but (except for a few rare occasions) only for those hours that he billed to clients. The majority of the work that Sebren performed for him went uncompensated.

10. Harrison never paid Sebren a salary, and he never paid her a premium rate for overtime or for work on holidays or Sundays.

11. From approximately June 2010 through June 2017, for the limited hours for which Harrison actually paid Sebren, her rate was usually $30 per hour. In July 2017, after she was admitted to the Rhode Island bar, her rate increased to $50 per hour. Until that point, Sebren performed no work for Harrison as an attorney.

12. From 2015 through December 29, 2017, Sebren worked for Harrison an average of 50 hours per week, at least 49 weeks per year. On average, Harrison did not pay her for 69% of those hours.

13. On December 29, 2017, Sebren informed Harrison that she was resigning from his employment. At that point, Harrison had not paid her since on or about November 21, 2017. He never did again.

14. Sebren continued to work for Harrison through March 6, 2018, but less frequently than before.

15. Harrison did not keep accurate and complete records of Sebren's rates of pay, the amounts he paid her, or the hours that she worked each day and week.

16. Harrison did not maintain regular paydays.

17. Harrison did not provide Sebren with regular earnings statements reflecting the hours she worked or any deductions that he made from her gross earnings.

18. Upon information and belief, the manner in which Harrison paid (and failed to pay) Sebren was consistent with how he has paid all of his other employees since 1999, regardless of whether they were attorneys, paralegals, or administrative assistants. Upon information and belief, Harrison treated all of those employees as

independent contractors, did not pay them salaries, did not pay them for all of the time that they worked, and did not pay them premium rates for overtime or for time worked on Sundays or holidays.

19. Upon information and belief, Harrison – an experienced attorney who has represented employees in connection with disputes against their employers (and former employers) – knew that his practices for paying and compensating his employees were in violation of the law.

### *The Contingent Fee Dispute*

20. Beginning in July 2017, Sebren began to perform legal services for an individual (the "Client") who had been injured in a serious automobile accident and had potential personal injury claims associated with his injuries.

21. Sebren was the only attorney from Harrison's law office who performed work on the Client's case. She answered his first call, interviewed him in the hospital and a nursing home, secured his authorization to transfer his files from his former attorney, coordinated efforts with his social worker, requested and reviewed his medical records, made demands on his behalf, and responded to hundreds of communications from the Client concerning the status of his case.

22. Harrison never met the Client, the Client never visited Harrison's office, and Harrison never had a written fee agreement with the Client.

23. After December 29, 2017, the Client called Sebren, and she informed him that she was no longer associated with Harrison's law practice. The Client elected to engage Sebren directly, and they reached an agreement – subsequently memorialized in

writing – concerning the contingent fee (the "Contingent Fee") that Sebren would receive in the event that she achieved a settlement or judgment for the Client.

24. Through Sebren's efforts, the Client ultimately received a sizeable settlement payment (the "Settlement Payment"). Sebren has paid the Client his share of the Settlement Payment, but Harrison has claimed that he is entitled to some or all of the Contingent Fee.

25. Sebren disputes Harrison's claim to the Contingent Fee (or to a portion thereof), but – pending their dispute – she has held the Contingent Fee in an escrow account.

26. To the extent Harrison is entitled to anything from Sebren in connection with the Client's case, that recovery is limited to *quantum meruit* for the expenses that he incurred in connection with the case.

### COUNT I – FAILURE TO PAY WAGES
### (Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b))

27. Sebren repeats paragraphs 1 – 26.

28. Sebren was Harrison's employee.

29. While working for Harrison, Sebren engaged in commerce.

30. Harrison's failure to pay Sebren at least minimum wage in connection with all of the hours that she worked violated 29 U.S.C. § 206(a)(1)(C).

31. Harrison's failure to pay Sebren one and a half times her regular rates for hours in excess of 40 that she worked in certain workweeks violated 29 U.S.C. § 207(a)(1).

32. Sebren has been damaged by Harrison's violations of 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

33. Harrison's violations of 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1) were willful and not in good faith

### COUNT II – FAILURE TO PAY WAGES AND MISCLASSIFICATION
### (RIGL § 28-14-19.2)

34. Sebren repeats paragraphs 1 - 33.

35. Sebren was Harrison's employee.

36. Harrison's failure to pay Sebren at least minimum wage in connection with all of the hours that she worked violated RIGL § 28-12-3.

37. Harrison's failure to pay Sebren one and a half times her regular rates for hours in excess of 40 that she worked in certain workweeks violated RIGL § 28-12-4.1(a).

38. Harrison's misclassification of Sebren as an independent contractor when she should have been considered and paid as an employee violated RIGL § 28-14-19.1.

39. Sebren has been damaged by Harrison's violations of Chapters 28-12 and 28-14.

40. Harrison's violations of Chapters 28-12 and 28-14 were willful and not in good faith.

### COUNT III – UNJUST ENRICHMENT

41. Sebren repeats paragraphs 1 - 40.

42. Through her work for Harrison, Sebren conferred a benefit upon him.

43. Harrison appreciated the benefit that Sebren conferred upon him.

44. Harrison accepted the benefit that Sebren conferred upon him under such circumstances that it would be inequitable for him to retain that benefit without paying the value thereof.

45. By not paying Sebren for the value of her services, Harrison has been unjustly enriched.

46. As a result of Harrison's unjust enrichment, Sebren has been harmed.

### COUNT IV – DECLARATORY JUDGMENT
### (RIGL§ 9-30-1 *et seq.*)

47. Sebren repeats paragraphs 1 - 46.

48. An actual controversy exists between Sebren and Harrison concerning Harrison's claim to some or all of the Contingent Fee.

49. Sebren requests a declaratory judgment that – with the exception of *quantum meruit* for the value of the expenses that Harrison incurred in connection with the Client's case – he is not entitled to any portion of the Contingent Fee.

**WHEREFORE,** Sebren demands judgment against Harrison for (a) compensatory damages in an amount sufficient to compensate her for all of her losses and damages, (b) liquidated damages in an equal amount to the unpaid wages that Harrison owes her, under 29 U.S.C. § 216(b), (c) liquidated damages in an amount twice the amount of unpaid wages that Harrison owes her, under RIGL § 28-14-19.2(a), (d) all amounts by which Harrison has been unjustly enriched, (e) all civil penalties for which Harrison is

liable for his misclassification of Sebren, under RIGL § 28-14-19.1, (f) Sebren's reasonable attorneys' fees and costs, under 29 U.S.C. § 216(b) and RIGL§ 28-14-19.2(a), (g) punitive damages in an amount to be determined at trial, (h) a declaratory judgment that – with the exception of *quantum meruit* for the value of the expenses that Harrison incurred in connection with the Client's case – he is not entitled to any portion of the Contingent Fee, (i) interest, costs, and attorneys' fees, and (j) such other relief as the Court deems appropriate.

## SEBREN DEMANDS A TRIAL BY JURY

## SEBREN DESIGNATES ROBERT CLARK CORRENTE AS HER LEAD COUNSEL

SARAH SEBREN

By her attorneys,

/s/ *Robert Clark Corrente*
/s/ *Matthew H. Parker*
Robert Clark Corrente (#2632)
Matthew H. Parker (#8111)
WHELAN, CORRENTE, FLANDERS,
KINDER & SIKET LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Tel. (401) 270-4500
Fax (401) 270-3760
rcorrente@whelancorrente.com
mparker@whelancorrente.com

Dated: December 10, 2018